UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT JOHNSON,

                    Plaintiff,

        v.

STARBUCKS CORPORATION, a
Washington Corporation, and DOES
1-10,

                    Defendants.

CIV. NO. 2:16-2797 WBS AC

ORDER RE: MOTION TO STAY

----oo0oo----

Plaintiff Scott Johnson has initiated twenty one cases against defendant Starbucks Corporation ("Starbucks") currently pending throughout the state, all seeking damages under the Americans with Disabilities Act, 42 U.S.C. § 12101, and the Unruh Civil Rights Act, California Civil Code §§ 51-53; penalties under Unruh; and attorneys' fees and costs.  This case is one of them.

On April 23, 2018, Starbucks filed with the Judicial Panel on Multidistrict Litigation ("JPML") a motion to consolidate and transfer Johnson's ADA Actions against Starbucks.

In the MDL Motion, Starbucks requests that all those actions be transferred to the United States District Court for the Eastern District of California or, in the alternative, any single district in California. Presently before the court is Starbucks' Motion to Stay all pretrial proceedings in this case until the JPML issues a decision.

According to Rule 2.1(d) of the Rules of Procedure of the JPML, "[t]he pendency of a motion . . . before the Panel . . . does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." In other words, a court should not automatically issue a stay merely because a party has filed a motion for transfer with the MDL Panel.

Scott Johnson has been filing ADA cases in this court since 2004. See, e.g., Scott Johnson v. California Welding Supply, Inc., Civ. No. 2:11-1669 WBS GGH, 2011 WL 5118599 (E.D. Cal. Oct. 27, 2011); Scott Johnson v. Leoncio Nateras Ruiz, Civ. No. 2:14-1663 WBS AC, 2015 WL 3993144 (E.D. Cal. June 29, 2015); Scott Johnson v. Brian Kenneth Gross, 2:14-2242 WBS KJN, 2016 WL 3448247 (E.D. Cal. June 23, 2016). Since that time, he has filed more than two thousand such cases in the federal courts throughout Northern California. They have never before gone to Multidistrict Litigation, and this court has no reason to believe they will now. Furthermore, this particular case has been litigated for two years.

For the foregoing reasons, the court does not find that good cause exists for granting a stay of this action pending a decision by the JPML.

1          IT IS THEREFORE ORDERED THAT defendant's Motion to Stay

2   (Docket No. 22) be, and the same hereby is, DENIED.

3   Dated:  May 22, 2018

4   WILLIAM B. SHUBB

5   UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28