UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION, a Washington Corporation; and DOES 1-10,<br><br>Defendants. | No. 2:16-cv-2797 WBS AC<br><br><br>MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

Plaintiff Scott Johnson, an individual with a disability, initiated this action against defendant Starbucks Corporation ("Starbucks"), seeking damages under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Unruh Civil Rights Act, California Civil Code §§ 51-53; penalties under the Unruh Act; and attorneys' fees and costs. Plaintiff moves for summary judgment.[1] (Docket No. 38.)

---

[1] Because plaintiff does not oppose defendant's Request for Judicial Notice (Docket No. 39-6) and the court finds the

1

I. Factual and Procedural Background

Plaintiff is a quadriplegic who uses a wheelchair for mobility. (Decl. of Scott Johnson ("Johnson Decl.") ¶ 2 (Docket No. 38-5).) On at least six different occasions between May 12, 2016 and September 21, 2016, plaintiff visited and made purchases at the Starbucks-operated coffee shop located at 3045 Arden Way, Sacramento, California ("Arden Starbucks"). (Id. ¶ 4.) Plaintiff alleges that during his visits, he encountered access barriers that denied him full and equal access to the coffee shop. Specifically, plaintiff contends that he had difficulty using the sales counter because it "was crowded with merchandise and displays, which narrowed the clear width of the counter." (Id. ¶ 6.) Plaintiff maintains that he encountered these barriers each time he visited the Arden Starbucks and that the barriers caused him difficulty, discomfort, and frustration. (Id. ¶¶ 6-8.)

On February 6, 2018, plaintiff's accessibility consultant and expert witness Gary Waters conducted a site inspection of the Arden Starbucks. (Decl. of Gary Waters ("Waters Decl.") ¶ 8 (Docket No. 38-10).) According to his expert report,[2] Waters found that the location still had the alleged access barriers on the date of his inspection. (Access Compliance Evaluation Survey and Report ("Waters Report") at 4-5

---

materials in the Request to be properly subject to judicial notice, the court hereby GRANTS the Request.

[2] The court uses the Waters Report only for its relevant factual content and thus will not exclude it from consideration. (See Def.'s Obj. to Report (Starbucks' request that the court exclude Waters' expert report) (Docket No. 39-10).)

2

(Docket No. 38-11).) His expert report contains photographs of the sales counter, including pictures of specific measurements. The report includes a finding that the two sections of counter available for customer service are less than 36 inches long because "[m]uch of the counter space is taken up by merchandise display, cash registers, and other items." (Id. at 5.) Waters reports that the counter is measured at just less than 34.5 inches above the floor. (Id. at 8.)

Plaintiff filed this action on November 28, 2016, alleging two claims: (1) violations of the ADA, 42 U.S.C. § 12101 et seq.; and (2) violations of the Unruh Civil Rights Act, California Civil Code §§ 51-53. Defendant filed a motion to stay proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on a motion to transfer this case, along with 20 other similar lawsuits filed by plaintiff, to a single district court as multidistrict litigation. (Docket No. 22.) This court denied the motion to stay on May 22, 2018. (Docket No. 28.) The JPML denied the motion to transfer on August 2, 2018. In Re: Starbucks Corp., Case No. 2849, Docket No. 13 (JPML Aug. 1, 2018). Another judge in this district declined to relate the similar cases within this district. (Docket No. 35.) Plaintiff now moves for summary judgment.

II. Discussion

    A. Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the outcome

3

of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Alternatively, the movant can demonstrate that the non-moving party cannot provide evidence to support an essential element upon which it will bear the burden of proof at trial. Id. Any inferences drawn from the underlying facts must, however, be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B. Americans with Disabilities Act

The ADA was enacted in 1990 to "remedy widespread discrimination against disabled individuals," PGA Tour, Inc. v. Martin, 532 U.S. 661, 674 (2001), and permits private lawsuits against businesses that fail to accommodate individuals with disabilities, 42 U.S.C. § 12188(a). To prevail on an ADA claim, "the plaintiff must show that (1) [he or] she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his or] her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Only the third

element is in dispute in this case.

"The third element--whether [a plaintiff is] denied public accommodations on the basis of disability--is met if there was a violation of applicable accessibility standards." Johnson v. Wayside Prop., Inc., 41 F. Supp. 3d 973, 976 (E.D. Cal. 2014) (Shubb, J.) (citation omitted); see Chapman v. Pier 1 Imps. (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc). Those standards are set forth by the ADA Accessibility Guidelines ("ADAAG"). The Department of Justice ("DOJ") promulgated the ADAAG in 1991 and revised them in 2010. See Kohler v. Flava Enters., Inc., 826 F. Supp. 2d 1221, 1229 (S.D. Cal. 2011). All architectural and structural elements in a facility are required to comply with the 1991 Standards to the extent that compliance is readily achievable; by contrast, the 2010 standards apply only to elements that have been altered in existing facilities, or that fail to comply with the 1991 Standards, on or after March 15, 2012. 28 C.F.R. § 36.304(d)(1)-(2). These standards "provide[] the objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." Chapman, 631 F.3d at 945; see 28 C.F.R. pt. 1191 (2010 Standards); 28 C.F.R. pt. 36, App. D (1991 Standards).

1. Sections 904.4 and 904.4.1

The two 2010 standards at issue in this case are Sections 904.4 and 904.4.1. Section 904.4 states:

> Sales and Service Counters. Sales counters and service counters shall comply with 904.4.1 or 904.4.2. The accessible portion of the counter top shall extend the same depth as the sales or service counter top.

> EXCEPTION: In alterations, when the provision of a counter complying with 904.4 would result in a reduction of the number of existing counters at work stations or a reduction of the number of existing mail boxes, the counter shall be permitted to have a portion which is 24 inches (610 mm) long minimum complying with 904.4.1 provided that the required clear floor or ground space is centered on the accessible length of the counter.

36 C.F.R. § Pt. 1191, App. D, § 904.4. Section 904.4.1, which applies in this case because an individual would approach the Arden Starbucks sales counter with his or her wheelchair parallel to it, provides in full:

> Parallel Approach. A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided. A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.
> EXCEPTION: Where the provided counter surface is less than 36 inches (915 mm) long, the entire counter surface shall be 36 inches (915 mm) high maximum above the finish floor.

Id. § 904.4.1. Plaintiff argues that the Arden Starbucks violates Section 904.4.1 because neither of its sales locations on the counter provide at least 36 inches in length of counter space. Defendant responds by relying on the exception to this section. Defendant contends that the first paragraph of Section 904.4.1 only applies to establishments with a two-tiered sales counter, one high counter for non-disabled use and one low counter for disabled use. Defendant argues that the exception in the second paragraph applies because the sales counter at issue here is at a uniform height and thus the entire surface accommodates disabled patrons. Plaintiff insists that the exception only applies where it is not possible to provide a 36-inch-wide counter, which is not the case here.

There is no support for plaintiff's interpretation

6

within the relevant text. The exception to 904.4.1 never states that it applies only where it is technically infeasible or not possible to provide a counter at least 36 inches long. The court will not rewrite the standard beyond what its literal words will support. Cf. 62 Cases, More or Less, Each Containing Six Jars of Jam v. United States, 340 U.S. 593, 596 (1951) (observing that a court cannot add language when interpreting a text). To the extent plaintiff believes that the language in another ADAAG standard requires such an interpretation, he is mistaken. See 36 C.F.R. § Pt. 1191, App. B § 202.3, Exception 2 (stating that alterations do not have to comply with applicable requirements where compliance is "technically infeasible"). None of the relevant language in Section 202.3 exists in Section 904.4.1. The court presumes that the drafters of Section 904.4.1 acted intentionally in including and excluding specific language. Cf. Russello v. United States, 464 U.S. 16, 23 (1983) (presuming that drafters act intentionally where they include particular language in one section of a document but omit that same language in another section of the same text). The absence of language within Section 904.4.1 that supports plaintiff's interpretation likely reflects an intentional choice to forgo plaintiff's preferred reading.[3]

---

[3] Plaintiff also relies on two decisions from the Northern District of California in support of his claim that Starbucks has a history of problems with its sales counters. See Crandall v. Starbucks Corp., 249 F. Supp. 3d 1087 (N.D. Cal. 2017); Kalani v. Starbucks Corp., 81 F. Supp. 3d 876 (N.D. Cal. 2015), aff'd sub nom. Kalani v. Starbucks Coffee Co., 698 F. App'x 883 (9th Cir. 2017). These decisions are not relevant because they do not address the exception to Section 904.4.1. See Johnson v. Starbucks Corp., No. 16-CV-00724-DMR, 2018 WL

By contrast, defendant's interpretation better comports with the text and structure of the two provisions. The text of the exception makes it clear that it applies when "the provided counter surface is less than 36 inches (915 mm) long." Defendant then correctly concludes that all that is required is that "the entire counter surface [] be 36 inches (915 mm) high maximum above the finish floor." Defendant's interpretation best reconciles Section 904.4.1 with its exception. The regulations envision that all sales counters will either be two-tiered, with the first tier at a higher level for use by non-disabled persons and the second tier at a lower level for use by disabled persons, or single-tiered, with the entire counter at a uniform height.

If a private entity elects to have a two-tiered sales counter, it satisfies the first paragraph of the rule so long as the lower tier of the counter is at least 36 inches long and a maximum height of 36 inches. If the private party elects to have a single-tiered sales counter, it also satisfies the first paragraph if that counter meets those minimum length and maximum height requirements. A single-tier counter which does not meet the minimum length requirement of the first paragraph, may still comply with the regulation under the exception in the second paragraph, provided that the height of the counter is no greater than 36 inches.

This reading gives full and independent effect to the text of each provision and avoids creating internal inconsistencies or surplusage. Cf. Boise Cascade Corp. v. U.S.

---

5099283, at *4 n.5 (N.D. Cal. Oct. 17, 2018) (reaching the same conclusion).

E.P.A., 942 F.2d 1427, 1432 (9th Cir. 1991) (holding that courts must give effect to each word in a text and make every effort not to interpret a provision in a manner that renders other provisions inconsistent, meaningless, or superfluous). This reading is also consonant with the purpose of the ADA. See Martin, 532 U.S. at 674 (explaining that the purpose of the ADA is to eradicate discrimination against disabled individuals). Where every individual, regardless of disability, uses the same sales counter at a uniform height, persons with disabilities are not provided with comparatively inferior services.

Plaintiff contends, however, that defendant's interpretation of the exception leads to an absurd result because, for instance, a private entity could provide a counter that is only one inch long. Plaintiff argues that such a result conflicts with the entire purpose of a length requirement.[4] There are several problems with plaintiff's argument. First, even though this section of the regulations may not preclude a one inch counter, other regulations in the ADA would not allow

---

[4] In support of this argument, plaintiff cites to Section 904.4's exception, which permits counters to be a minimum of 24 inches long where compliance with 904.4 would result in a reduction of the number of existing counters. See 36 C.F.R. § Pt. 1191, App. D, § 904.4. Plaintiff believes that this exception is evidence of the fact that a minimum length requirement is necessary for accessibility purposes. This exception, however, is inapplicable to this case. It only applies to private entities attempting to alter their existing counters so that those counters would comply with Sections 904.4 and 904.4.1. Here, defendant argues that its counter already complies with these sections and thus it does not have to make any alterations. Moreover, this exception to Section 904.4 also shows that the drafters of the ADAAG standards knew exactly how to include a minimum length requirement within an exception and chose not to include one within the exception to Section 904.4.1.

such a result. As will be explained below, a private entity must also comply with Section 36.211 and its separate requirement that public accommodations be accessible to and usable by persons with disabilities. See 28 C.F.R., Part 36, Appendix C, § 36.211(a). Second, practically speaking, where only a counter of uniform height is provided, businesses have an incentive to construct it at a usable length because otherwise they would not be able to transact business with any customers. Therefore, the court finds that the exception applies and will now determine whether plaintiff has shown that the sales counter does not comply with its specifications.[5]

Here, it is undisputed that the sections of counter space available for customer service are less than 36 inches long (See Waters Report at 5.) It is also undisputed that sales counter is uniform in height, (see Decl. of Bobbie Pereira ("Pereira Decl.") ¶ 3), and falls below the maximum height of 36 inches specified in the exception (see Waters Report at 8 (finding that the sales counter measures at just less than 34.5 inches above the floor)). Because the counter meets the technical specifications set forth in the exception, the court will deny plaintiff summary judgment on the alleged violation of Section 904.4.1.

---

[5] Plaintiff argues that the sales counter does not qualify for the exception because the entire counter, including cluttered space, is longer than 36 inches. Even if the cluttered space is included in calculating the length of the counter, the counter would satisfy the relevant technical requirements of the first paragraph of Section 904.4.1 because it is more than 36 inches long. And the parties agree that the entire counter falls below the maximum height of 36 inches.

2. Section 36.211

Plaintiff also alleges that, even if the Arden Starbucks complies with the previously-mentioned requirements, the features of the facility violate Section 36.211 of the 1991 standards because they are not maintained in an accessible or usable manner. See 28 C.F.R., Part 36, Appendix C, § 36.211(a) ("A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part."); see also Kohler, 826 F. Supp. 2d at 1227 ("A violation of the ADA can occur where a defendant's business is in compliance with ADAAG requirements, but that defendant does not maintain its compliant features in a useable manner."). Plaintiff maintains that the sales counter is not useable for persons with disabilities because defendant crowds the counter with merchandise and display, substantially narrowing the useable space.

For the purposes of summary judgment, plaintiff has not established beyond dispute that the sales counter is not accessible for or usable by persons with disabilities. Plaintiff simply asserts as much in conclusory terms in his declaration. (See Johnson Decl. ¶¶ 6-8.) However, merely alleging that a sales counter was cluttered with merchandise is insufficient by itself to support the conclusion that a wheelchair user was deprived of "full and equal" access to the services of a public accommodation. See Chapman, 779 F.3d at 1009. Moreover, plaintiff's own evidence establishes that he used the sales counter to purchase coffee every time he visited the Arden

11

Starbucks.  (See Pl.'s Ex. 3 (copies of plaintiff's receipts from visits to the Arden Starbucks on May 12, 2016, May 25, 2016, May 26, 2016, July 7, 2016, August 14, 2016, September 15, 2016, and September 21, 2016) (Docket No. 38-6).)  Given this evidence, a reasonable jury could find in defendant's favor on this issue.  Consequently, plaintiff is not entitled to summary judgment on the alleged violation of Section 36.211.

Accordingly, because plaintiff is not entitled to judgment as a matter of law on any alleged ADA violations, the court will deny summary judgment as to this claim.[6]

C. Unruh Act

The Unruh Act provides in relevant part that every person is "entitled to the full and equal accommodations, advantages, privileges, or services in all business establishments of every kind whatsoever" notwithstanding his or her disability.  Cal. Civ. Code § 51(b).  The Unruh Act "incorporates the substantive standards of the ADA and creates a private right of action as a matter of state law."  Dep't of Fair Emp't & Hous. v. Law School Admission Council Inc., 896 F. Supp. 2d 849, 865 (N.D. Cal. 2012); Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section.").

For the reasons given above, plaintiff cannot rely on his alleged ADA violations to support summary judgment on his

---

[6]  Because plaintiff has not shown that he is entitled to summary judgment on the merits of his ADA claim, the court does not decide whether there is a triable issue of fact as to plaintiff's standing to seek injunctive relief under the ADA.

12

Unruh Act claim. To the extent plaintiff relies on the independent force of the Unruh Act, plaintiff must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act. Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc., 742 F.3d 414, 425 (9th Cir. 2014) (citing Munson v. Del Taco, Inc., 46 Cal. 4th 661, 668 (2009)). Intentional discrimination captures willful, affirmative misconduct, and the plaintiff must therefore show more than the disparate impact of a facially neutral policy. See id. (citations omitted); see also Koebke v. Bernardo Heights Country Club, 36 Cal. 4th 824, 855 (2005) ("A disparate impact analysis or test does not apply to Unruh Act claims.").

The only information provided for the requirement of intentional discrimination is plaintiff's allegation that "the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an 'accident' because had the defendants intended any other configuration, they had the means and ability to make the change." (Compl. ¶ 29.) This allegation does not establish that defendant deliberately designed the sales counter in a way to disadvantage disabled patrons. Instead, as discussed above, the relevant, undisputed evidence shows that the layout of the sales counter is the same for all patrons regardless of disability. See Cable News Network, 742 F.3d at 426 (explaining that a plaintiff typically cannot establish intentional discrimination where all individuals, disabled or not, are subject to the same

policy).  Plaintiff's evidence does not show willful, affirmative misconduct, and instead focuses on the disparate impact the usable length of the sales counter allegedly has on persons with disabilities.  Because that evidence does not support a finding of intentional discrimination, plaintiff has not established an independent violation of the Unruh Act.

Accordingly, the court will deny plaintiff's motion for summary judgment as to his Unruh Act claim.

IT IS THEREFORE ORDERED that plaintiff's Motion for Summary Judgment (Docket No. 38) be, and the same hereby is, DENIED.

Dated: February 20, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE